MARGUERITE BURNS, Respondent, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant, Impleaded with THE CITY OF NEW YORK, Defendant.

First Department, January 19, 1934.

*Samuel A. Bloom* of counsel [*Charles C. Marrin* and *J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the appellant.

*Lloyd Paul Stryker* of counsel [*Harold Shapero* and *Raymond C. Murphy* with him on the brief; *John Edmond Hewitt*, attorney], for the respondent.

MARTIN, J. The plaintiff, a public school teacher at the George Washington High School, in the borough of Manhattan, city of New York, brought this action to recover damages for personal injuries alleged to have been sustained as the result of a fall in the class room in which she was teaching. The plaintiff testified that she knew of no dangerous floor condition at the place where she slipped and fell; that if she had been aware of any such condition she would have reported it. The testimony on that subject is as follows: " Q. And during all that time that you spent in that room you did not report any dangerous or defective condition of that floor to any one, did you or did you not? A. I did not know that the floor was in a dangerous condition."

The plaintiff also testified that on a number of occasions within a day or two prior to the accident she passed within six feet of the place where she fell but did not notice anything the matter with the floor.

A witness produced by the plaintiff testified that the floor was darker in color at the place where the accident happened, but that was the only difference; that the floor was " dull looking;" that when she examined it after the plaintiff fell, she found nothing the matter with the floor, " no papers, or anything that might have caused her to slip."

The board of education is not liable unless it caused or permitted a dangerous condition to exist in the class room where the accident occurred. The plaintiff was not only the teacher in the class room where she slipped and fell, but it was her duty, if a dangerous condition existed, to give notice of that fact to her superiors. She testified that, although she had been teaching in this class room for several days before the accident occurred, she did not observe anything to cause her to believe that a dangerous condition existed.

If the condition of the floor was dangerous, and the plaintiff failed to report that fact to the board of education she cannot recover.

There being no evidence of negligence or of the existence of a dangerous condition or of notice to the board of education, the judgment should be reversed, with costs, and the complaint dismissed, with costs.

FINCH, P. J., O'MALLEY and GLENNON, JJ., concur; TOWNLEY, J., dissents.

Judgment reversed, with costs, and complaint dismissed, with costs.